UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERMEAL WHITE, *Pro Se*, | ) | Case No.: 1:16 CV 1593 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| CHARMAINE BRACY, *et al.*, | ) | |
| | ) | |
| Respondents | ) | <u>ORDER</u> |

On June 24, 2016, *Pro Se* Petitioner Jermeal White ("White") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") in the above-captioned case, challenging his convictions for two counts of aggravated murder, one count of murder, two counts of aggravated burglary, three counts of felonious assault, and four counts of kidnapping in the Cuyahoga County, Ohio, Court of Common Pleas. (Pet., ECF No. 1.) White sets forth four grounds for relief in his § 2254 Petition: (1) his due process rights were violated when the state trial court found that a state's witness was competent to testify at trial; (2) his due process rights were violated because the convictions were against the sufficiency of the evidence; (3) his due process rights were violated when the trial court allowed the state's witnesses to utilize cell phone records during his testimony, without a proper foundation; and (4) his due process rights were violated when his mail was seized without a warrant and used as evidence at trial. (*Id.*)

The court referred this case to Magistrate Judge Kathleen B. Burke ("Judge Burke"), pursuant to Local Rule 72.2, on July 13, 2017, for preparation of a Report and Recommendation

("R&R").  In September 2016, Respondent Charmaine Bracy ("Respondent") filed her Return of Writ (Return of Writ, ECF No. 8) , arguing that Grounds One, Three, and Four did not present cognizable claims on habeas review and that Ground two lacked merit.  In November 2016, White filed his Traverse (Traverse, ECF No. 12.), in which he argued that the state trial court's evidentiary rulings deprived him of a fundamentally fair trial and that his convictions were not supported by sufficient evidence.

On January 11, 2017, Judge Burke submitted an R&R, recommending that White's § 2254 Petition be dismissed in part and denied in part.  (R&R 26, ECF No. 13.)  Specifically, with respect to Grounds One, Three, and Four, Judge Burke reasoned that White did not describe any violations of federal law.  (*Id.* at 10–19.)  With respect to Ground Two, Judge Burke explained that, in reviewing a claim that a petitioner's conviction was not supported by sufficient evidence, the court is required to defer to both the jury's determination and the state appellate court's sufficiency determination.  (*Id.* at 20–21.)  Judge Burke reasoned that the Ohio Court of Appeals, on direct appeal, applied the correct legal standard to White's sufficiency claim, and its determination was not unreasonable.  (*Id.* at 20–25.)

On February 3, 2017, White filed his Response (ECF No. 15) to the R&R, in which he reiterates some of the arguments made in his § 2254 Petition with respect to Ground Two.  *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes waiver of those objections.").

The court has carefully reviewed Judge Burke's R&R *de novo*, as well as White's Response and all other relevant documents in the record.  The court finds that Judge Burke's recommendations are well taken and that the arguments made in the Response do not establish that White's federal

rights were violated. Thus, the court adopts as its own Judge Burke's R&R for the reasons stated in the R&R. (ECF No. 13.) The court hereby dismisses in part and denies in part White's § 2254 Petition (§ 2254 Pet., ECF No. 1), with prejudice.

The court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2015).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 30, 2017